IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| ARIEL PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170264G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

This case concerns adjustments to the taxpayer's 2013 pass-through income from her tanning salon business. Trial was held on December 19, 2017.[2] Matthew Green-Hite (Green-Hite), certified public accountant, appeared and testified on behalf of Plaintiff (Peterson), and Jeff Huelbig, former bookkeeper for Lioness Holdings LLC, testified on behalf of Peterson. Nancy Berwick of the Department of Revenue's audit unit appeared and testified on behalf of Defendant (the department).

The court dismissed Peterson's appeal of the 2014 year at the outset of trial. Although an audit had apparently been opened for that year, the department asserted that no assessment had yet been issued. Peterson failed to show that she had received an assessment, paid a deficiency, or otherwise had a justiciable controversy with the department for 2014. *See Steimle v. Dept. of Rev.*, TC–MD 150363N, WL 740984 (Or Tax M Div Feb 25, 2016) (holding court lacks authority to hear income tax appeal where no assessment and no payment of deficiency).

---

[1] This Final Decision incorporates without change the court's Decision, entered March 23, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The business activities of the taxpayer in this case were intertwined with the activities of the taxpayer in another case tried concurrently, *Peter E. Lamka v. Department of Revenue*, TC–MD 170263G. Each case presents distinct issues.

Peterson's exhibits were not admitted as they were not timely exchanged. Defendant's Exhibits A to P were admitted with objection.

## I. STATEMENT OF FACTS

Peterson's company, Lioness Holdings LLC ("Lioness"), operated several tanning salon franchises under the name Tan Republic.[3] Lioness had two members, both single-member LLCs. Peterson was the sole member of both those intermediary LLCs.[4]

Peterson had purchased Lioness from her associate, Peter Lamka, on January 1, 2013. Lamka's company, Gibraltar Holdings LLC ("Gibraltar"), was the regional master franchisee for Tan Republic and also owned all the tanning beds and equipment used in operating Lioness's salons. Lioness held the leasehold improvements at the individual salons.

According to Green-Hite, Lioness underwent a period of rapid expansion during 2013, opening several new stores and incurring losses because of startup costs. Lioness's profit and loss statement shows 2013 gross receipts of $3,281,549 and, after expenses, a net loss of $360,817. (Ex K at 1–3.)

Lioness did not file a 2013 Oregon return, although it apparently filed a federal return. Peterson filed a 2013 return, on which she reported no wage or interest income and claimed ordinary losses of $450,192 flowing through from Lioness. (Ex A at 3.) At audit, the department adjusted Peterson's return to show ordinary income of $373,425. (Ex D at 2–3.) The auditor made that adjustment by multiplying the gross receipts allegedly reported on Lioness's federal return, $3,307,574, by 11.29 percent—an average figure for profit as a percentage of gross receipts that the auditor culled from BizStats, an Internet web site. (*Id.*)

---

[3] The record is unclear whether Lioness also operated tanning salons under a different name.

[4] The two single-member LLCs were called Gotcha Good Kid Toys LLC and Redmint LLC. (Ex A at 3; Ex D at 2)

Peterson asks the court to reverse the department's adjustments. The department asks the court to sustain its adjustments.

## II. ANALYSIS

With very little evidence before the court, the issue in this case is how much income or loss passed through to Peterson from Lioness.

Taxpayers must keep records sufficient to establish the income, deductions, credits, and other items shown on their returns. Treas Reg § 1.6001–1(a); *Brenner v. Dept. of Rev. (Brenner)*, 9 OTR 299, 305–06 (1983). The department is entitled to inspect those records in order to determine whether a taxpayer's return is correct or otherwise to estimate a taxpayer's income. ORS 314.425(1).[5] Where the taxpayer does not provide books clearly reflecting income, the department may demonstrate unreported income "by any practicable proof that is available in the circumstances of the particular situation." *Brenner*, 9 OTR at 306–07 (quoting Mertens, *Law of Federal Income Taxation*, § 12.12).

Because Peterson is the party seeking affirmative relief, she must bear the burden of proof by a preponderance of the evidence. *See* ORS 305.427. Where the evidence in the record on an issue is in equipoise, "the court must find against the party bearing the burden of proof." *Dept. of Rev. v. Bahr*, 20 OTR 434, 448 (2012).

The written evidence in this case consists solely of the documents submitted by the department. Aside from the profit and loss statement, the court has no documentation of Lioness's income or expenses—not even a general ledger, let alone bank statements, checks, receipts, or other supporting documents. Although the department's reliance on statistical

/ / /

---

[5] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2011.

information from BizStats is hardly persuasive, without countervailing documentation the court must find against Peterson.

### III. CONCLUSION

Peterson did not bear her burden of proof. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of April, 2018.


_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on April 10, 2018.*